IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DCOR, LLC,                              §<br>                                         §<br>     Plaintiff,                         §<br>                                         §<br>v.                                       §         Civil Action No. 3:21-CV-00120-N<br>                                         §<br>UNITED STATES DEPARTMENT                 §<br>OF THE INTERIOR, *et al.*,               §<br>                                         §<br>     Defendants.                        § | |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiff DCOR, LLC's ("DCOR") motion to alter judgment [69]. For the reasons set forth below, the Court grants in part and denies in part the motion.

### I. ORIGINS OF THE MOTION

This case arises out of a dispute over royalty payments on oil and gas produced from federal offshore leases. The Office of Natural Resources Revenue ("ONRR") conducted an audit on DCOR's royalty payment reporting pursuant to 30 U.S.C. § 1711(c)(1) resulting in three orders requiring DCOR to pay additional royalties: (1) Order to Report and Pay (February 24, 2017)[1] ("First Order"); (2) Order to Report and Pay (February 22, 2018)[2] ("Second Order"); and (3) Order to Report and Pay (July 30, 2018)[3] ("Third Order"). AR0017307–308; AR0017091; AR0017198; AR0017227. DCOR appealed each

---

[1] Found at AR0017091–197.
[2] Found at AR0017098–226.
[3] Found at AR0017227–289.

ORDER – PAGE 1

Order to the ONRR Director, filing three Statements of Reasons. AR0017950–18018 ("First Statement of Reasons"); AR0017590–611 ("Second Statement of Reasons"); AR0017462–469 ("Third Statement of Reasons").

In August 2019, the Director addressed the appeals in a consolidated decision (the "Decision"). AR0017297–340. The Decision ultimately ordered DCOR to pay over $19 million in additional royalties on oil and gas produced between 2007 and 2013. AR0017335; Pl.'s Second Am. Compl. 2 [42]. DCOR appealed the Decision to the Interior Board of Land Appeals ("IBLA"). However, the IBLA determined that it lacked jurisdiction because of the Federal Oil and Gas Royalty Management Act's[4] requirement that a final decision issue within thirty-three months of the commencement of an agency proceeding. AR0020174. DCOR sought judicial review of the ONRR Director's Decision.

On July 24, 2023, the Court granted in part and denied in part Plaintiff and Defendants' cross-motions for summary judgment. Order (July 24, 2023) [67]. The Court issued a Final Judgment vacating Defendants' order for Plaintiff to pay $2,370,400.62 in additional royalties and remanding the case to the ONRR to consider compliance with generally accepted governmental accounting standards ("GAGAS") and DCOR's First Statement of Reasons arguments. Final Judgment (July 24, 2023) [69]. Now, DCOR brings a motion to alter or amend judgment, requesting (1) to voluntarily dismiss, through an amended complaint, any GAGAS claims related to the Second and Third Orders, (2) modification of the Final Judgment to (a) direct entry of final judgment under Federal Rule

---

[4] 30 U.S.C. § 1701, *et seq.*

ORDER – PAGE 2

of Procedure 54(b) on DCOR's claims related to the Second and Third Orders, and (b) redirect the course of remand to the IBLA. Pl.'s Mot. to Alt. or Am. J. [69].

## II. THE COURT DENIES DCOR'S REQUESTS FOR LEAVE TO AMEND AND ENTRY OF FINAL JUDGMENT

Under the administrative remand rule, "district court orders remanding to an administrative agency are not final orders," and therefore cannot be appealed. *Adkins v. Silverman*, 899 F.3d 395, 400 (5th Cir. 2018). This Court's final judgment remanding the case back to ONRR for further consideration is thus not an appealable final judgment. DCOR wishes to immediately appeal portions of that judgment. Pl.'s Mot. to Alt. or Am. 1. In furtherance of that objective, it seeks leave to file an amended complaint to remove GAGAS claims related to the Second and Third Orders and, if leave is granted, entry of final judgment as to all of DCOR's claims related to the Second and Third Orders. *Id.* The Court determines that, even if DCOR were permitted to amend its complaint, entry of final judgment on DCOR's remaining claims regarding the Second and Third Orders would create a risk of piecemeal appeals. Thus, it declines to address DCOR's request for leave to file an amended complaint dismissing the GAGAS claims as to the Second and Third Orders and denies DCOR's request to enter final judgment on those claims.

As a threshold matter, DCOR has not demonstrated that the Decision can or should be severed in the way it requests. DCOR argues that because it filed three separate administrative appeals of the ONRR Orders which created three different statutory deadlines for the agency to render final decisions, the Director's Decision consolidating the three Orders can be severed into three separate final agency actions for judicial review

as well as Rules 15(a) and 54(b).  Pl.'s Reply 4 [72].  In response, Defendants argue that the three Orders are not individual final agency actions subject to judicial review; rather, the Decision of the ONRR director was the final agency action that was considered by this Court under the APA and it should not be partitioned.  Defs.' Resp. in Opp. 3–4 [71].  DCOR is correct that because its appeals of the three Orders were filed at different times, the Secretary was deemed to issue a final decision relating to the Orders at different times.  *See* 30 U.S.C. § 1724(h)(2). However, as the IBLA noted in its decision, if an appeal of an ONRR Director's decision "is pending before the [IBLA] at the end of the 33-month period . . . [t]he Director's decision then becomes the final decision of the Department by operation of law."  AR0020182–83; *see also* 43 C.F.R. § 4.906(b)(2).  Thus, even though certain issues within the Decision became final at different times, the consolidated Decision is what ultimately constituted final agency action with respect to all three Orders and was reviewed by this Court.  That portions of the Director's Decision pertaining to the three Orders became final by operation of law at different times does not itself justify partitioning the consolidated Decision for further review.

Moreover, even if the Decision were severable in the way DCOR suggests and DCOR was permitted to dismiss its GAGAS claims relating to the Second and Third Orders through an amended pleading, entry of final judgment for DCOR's remaining claims relating to the Second and Third Orders would not be warranted under Rule 54(b).  Under Rule 54(b), if "more than one claim for relief is presented. . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay . . . ."  FED. R. CIV. P. 54(b).

ORDER – PAGE 4

Rule 54(b) "allows a district court, after careful consideration, to certify as a final, appealable judgment a disposition of less than all the claims or parties in a complex litigation." *Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992); *see also Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 331 (5th Cir. 2002) ("disposition of the action as to only some of the parties does not result in a final appealable order absent a certification by the district court").

Here, there is just reason for delay because directing final judgment on some of DCOR's claims, while the rest are remanded for further agency review, would create a risk of piecemeal appeals. *See Curtiss-Wright,* 446 U.S. 1, 8 (quoting *Sears, Roebuck & Co.*, 351 U.S at 438) (noting that application of Rule 54(b) should "'preserve[] the historic federal policy against piecemeal appeals.'")). DCOR argues that dismissing its GAGAS claims and entering final judgment on the remaining claims related to the Second and Third Orders serves judicial economy by "limit[ing] the issues that will come before the Fifth Circuit in an immediate appeal." Pl.'s Reply 4; *see also* Pl.'s Br. in Supp. 6 [70]. However, Defendants correctly highlight that the course of subsequent remand and appeals of other parts of the Decision are uncertain, and that the outcome on remand may affect the scope of future appeals. Defs.' Resp. 5. The likelihood of multiple appeals if the Court were to grant DCOR's motion constitutes just reason for the delay inherent in maintaining this case as a single action at this time. *See Pemberton v. State Farm Mut. Auto. Ins. Co.*, 996 F.2d 789, 791 (5th Cir. 1993) ("The rule that only final decisions are appealable is intended to promote judicial economy by preventing multiple appeals in the same case.").

Accordingly, the Court denies DCOR's motions for leave to file an amended pleading and entry of final judgment.

### III. THE COURT GRANTS DCOR'S MOTION TO AMEND JUDGMENT TO REDIRECT THE COURSE OF REMAND

DCOR additionally requests the court amend its Final Judgment to remand whatever remains to the IBLA, rather than the ONRR.  Pl.'s Mot. to Alt. or Am. 2.  Federal Rule of Civil Procedure 59(e) allows a district court to alter or amend a judgment after its entry when there is newly discovered evidence or a manifest error of law or fact.  FED. R. CIV. P. 59(e); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also S. Constructors Grp., Inc. v. Dynalectirc Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (stating that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment").  Rule 59(e) serves the narrow purpose of amending a judgment when there is a change in controlling law, where the movant presents new evidence, or to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  DCOR relies on the court's decision in *Cont'l Res., Inc. v. Gould*, 2019 WL 5105949 (D.D.C. 2019), for the proposition that the IBLA, not the ONRR, is the appropriate agency for remand.  Pl.'s Br. in Supp. 9.  Because the Court finds *Gould* persuasive, the Court grants DCOR's motion to amend the judgment.

In *Gould*, the court addressed the question of whether remand of an ONRR Director's decision was more appropriate to the IBLA or ONRR.  *Gould*, WL 5105949 at

*1. The court determined that remand to the IBLA was consistent with applicable agency regulations and the principle that "the question of which office should act on remand is a matter of internal administration, best left in the first instance to the administrative agency." *Id.* (citing *Fed. Power Comm'n v. Transcon. Gas Pipe Line Corp.*, 423 U.S. 326, 333–34 (1976)).  In particular, the court highlighted that applicable agency regulations "expressly contemplate that a remand from a 'court for further proceedings' will be made to the '*Appeals Board*'—i.e., to the Board of Land Appeals." *Id.* (quoting 43 C.F.R. § 4.29 (emphasis in original)), and that the IBLA retains authority to direct the course of remand within the agency by "enter[ing] special orders governing the handling of matters remanded to it for further proceedings by any court." 43 C.F.R. § 4.29.  Accordingly, the Court determines the IBLA is the appropriate agency to remand for reconsideration.

## Conclusion

Because granting DCOR's motion for leave to amend its complaint and direct final judgment on remaining claims pertaining to the Second and Third Orders would create a risk of piecemeal appeals of the Decision, the Court denies DCOR's motions for leave to file and direct entry of final judgment.  However, the Court grants DCOR's motion to amend the Final Judgment to redirect remand to the IBLA and will do so by separate judgment.

Signed December 13, 2023.

David C. Godbey
Chief United States District Judge